*320 OPINION.
Murdock:
The respondent attacks the credibility of the witnesses and the tona fides of the alleged gift of the 500 shares of preferred stock of John W. Bolton & Sons, Inc., in 1928 in an effort to show that the petitioner must be regarded as the true grantor of the trust. He would then have to contend that section 166 or 167 applied. He cites George H. Whiteley, Jr., 42 B. T. A. 402; affd., 120 Fed. (2d) 782, and some similar cases. The evidence shows that the gift in 1928 was absolute, complete, and not a sham to avoid taxes. The stock was transferred to the wife and became hers to do with as she pleased. She chose to place it with other property, about which there is no dispute, in a trust. The trust was changed several times. Although the petitioner was consulted about the formation of the original trust of 1928, he never influenced his wife to .make any provision for his benefit in any of the trusts. He was not made *321 trustee until bank failure had eliminated the original corporate trustee. An employee of the bank apparently suggested most of the provisions of the trusts and had the instruments written for Ethel B. Bolton. But she, and not the petitioner, was the grantor who decided upon the trusts. The entire corpus of the trust of December 4, 1931, consisted of common stock which the petitioner had never owned. He was not the grantor of that trust and sections 166 and 167 could not apply for that reason alone.
The respondent says the petitioner was free to use the trust income. Although some of the wording of the instrument is inept, as if the individual trustee had been substituted at the last minute in a trust originally drawn for a corporate trustee, nevertheless, the petitioner was given no right to use any of the trust property except for the benefit of the children. He was not given sufficient control over the trust property to justify taxing the income to him under section 22 (a). Cases where a grantor “retained” substantial powers are not in point. The beneficiaries were named and their interests fixed. He could only manage the trust for their benefit. No authority is cited for taxing the income of a^rust to a trustee who was not a grantor, who could not benefit personally from the trust, and who could only manage the trust and use its income for named beneficiaries.

Decision will be entered for the petitioner.